**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-2024**
_____

DELTA WALSH, Individually, and on behalf of her minor children, to-wit; R.M.; R.W.; W.W.; R.K.,

       Plaintiffs - Appellants,

       v.

DEWAIN MACKEY, and Madison County Planning/Zoning Board, in his official capacity as Vice-Chairman; MADISON COUNTY PLANNING BOARD; MACKEY FARMS; MADISON COUNTY SCHOOL DISTRICT; KATHY PARKER MACKEY, and Mackey Farm and Madison County School District, in her individual and professional capacities; KATHY RAY, in her individual capacity and in her official capacity as Paralegal for the Twenty-Fourth Prosecutorial District; GERALD WILSON, in his individual capacity, and in his official capacity as Chief District Attorney for the Twenty-Fourth Prosecutorial District; ALEXANDER LYERLY, in his individual capacity, and in his official as Chief District Court Judge for the Twenty-Fourth Judicial District; SAMUEL E. PARKER, in his individual capacity, and in his official capacity as Madison County Magistrate; RONALD WILCOX, and the Madison County School District, in his individual capacity, and in his professional capacity as Superintendent for Madison County School District; ROBERT DAVIDSON, and Madison County Animal Control, in his individual capacity, and in his official capacity as former Director for Madison County Animal Control; MADISON COUNTY ANIMAL CONTROL; SAM LUNSFORD, and Madison County Animal Control, in his individual capacity, and in his official capacity as Director for Madison County Animal Control; JAMES HARWOOD, and Madison County Sheriff's Department, in his individual capacity, and in his official capacity as Madison County Sheriff; MADISON COUNTY SHERIFF'S DEPARTMENT; GEORGE COLE, in his individual capacity, and in his official capacity as (former) Detective for the Madison County Sheriff's Department; JOHN LEDFORD, and Madison County Sheriff's Department, in his individual capacity, and in his official capacity as (former) Madison County Sheriff;

LAMONA BANKS LEDFORD, in her individual capacity, and in her professional capacity as owner/operator of Scott Banks Trucking Company; JOHN DOES, as yet unknown and others unnamed; DEWAIN MACKEY, and Mackey Farm and Madison County School District, in his individual and professional capacities,

       Defendants – Appellees,

  and

JANE DOES,

       Defendant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:11-cv-00321-MR-DCK)

---

Submitted: November 13, 2012      Decided: November 15, 2012

---

Before NIEMEYER, GREGORY, and DIAZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Delta Walsh, Appellant Pro Se. Larry Leake, LEAKE & SCOTT, Asheville, North Carolina; Andrew B. Parker, LONG, PARKER & WARREN, P.A., Asheville, North Carolina; Brian David Elston, Karl Dean Shatley, II, CAMPBELL SHATLEY, PLLC, Asheville, North Carolina; David John Adinolfi, II, Special Deputy Attorney General, Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delta Walsh seeks to appeal the district court's order adopting the magistrate judge's recommendations and granting the motions to dismiss certain Defendants with prejudice, denying the motion to dismiss certain Defendants without prejudice, and granting Walsh leave to file a second amended complaint (excluding the Defendants dismissed with prejudice) or voluntary dismissal within twenty days of the entry of the order.[*] We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. Walsh v. Mackey, No. 1:11-cv-00321-MR-DCK (W.D.N.C. Aug. 3, 2012). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Walsh's appeal from this order was interlocutory when filed. The district court's subsequent entry of a final judgment permits review of the order under the doctrine of cumulative finality. In re Bryson, 406 F.3d 284, 287-89 (4th Cir. 2005); Equip. Fin. Group, Inc. v. Traverse Computer Brokers, 973 F.2d 345, 347 (4th Cir. 1992).

3